19355

Lewis W. HAZLE, Respondent, v. LIBERTY LIFE INSURANCE COMPANY, Appellant, Betty R. HAZLE, Respondent, v. LIBERTY LIFE INSURANCE COMPANY, Appellant.

(186 S. E. (2d) 245)

*David L. Freeman, Esq.,* of *Wyche, Burgess, Freeman & Parham, P. A.,* Greenville, *for Defendant-Appellant,* cites:

*Robert F. Plaxco, Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Plaintiff-Respondents,* cites:

January 13, 1972.

BRAILSFORD, Justice.

Bruce E. Hazle, while serving in the United States Army in Vietnam, was killed on September 26, 1969, by the accidental discharge of a pistol being cleaned by another soldier. The accidental death of the deceased was insured against in two policies, one an accident policy and the other a life policy with double indemnity, issued by Liberty Life Insurance Company, the appellant. The insured's father and mother, respective beneficiaries under the two policies, sought recovery thereon in separate actions, which were consolidated for trial and on appeal. This opinion will dispose of both appeals without further reference to there being two plaintiffs or two lawsuits.

The appellant denied coverage on the ground that the insured's death, although accidental, fell within policy exclusions relating to wartime military service.

The fatal accident occurred in the unit supply room of a base camp. Although the whole of South Vietnam was officially designated a combat zone, neither the deceased nor the unit in which he served had engaged in combat during his five months in Vietnam. Motions for the direction of a verdict by both plaintiff and defendant were denied. In the form of a special verdict, the jury found that the insured's death was not "caused, either directly or indirectly, by a combatant activity or any increased hazard resulting from combatant activity. . . ." Additional special findings were

made which, under our view of the case, are irrelevant to the issues on appeal.

In overruling defendant's motion for a directed verdict, the trial judge construed the exclusions relied upon to be result clauses, rather than status clauses. Under the latter, an insured's mere status as a soldier in wartime will bar recovery, while under the former, the exclusion is operative only if causal connection between insured's death and his wartime military service is established. *Young v. Life & Casualty Ins. Co. of Tennessee,* 204 S. C. 386, 29 S. E. (2d) 482 (1944). In awarding judgment to plaintiff, the trial judge declared, "under the law of South Carolina, military service wartime exclusions must be construed as applicable only to death from increased hazards related to wartime military service. In the present case, it has been determined (by the special verdict) that the insured's death did not result from any such increased hazard. Consequently, I find the exclusions in both cases inapplicable to the death of the insured, Bruce E. Hazle."

The defendant has appealed on a number of exceptions which charge that the court erred in refusing to hold that, under the undisputed facts, the policy provisions relied upon preclude recovery as a matter of law, and in the admission of certain testimony. Plaintiff counters as an additional sustaining ground that the verdict should have been directed in his favor for failure of defendant to meet its burden of proving causal connection. Defendant has waived its only exception challenging the trial judge's conclusion that under South Carolina law the exclusions are inapplicable except upon proof of "death from increased hazards related to wartime military service"; hence, that declaration is the law of this case.

Conceiving that the insured met his death from one of "those direct hazards of military conflict" which the parties intended to exclude, appellant argues that the applicability of the exclusion should have been declared

by the court in interpreting the contract. We disagree. The court construed the exclusion to be operable only if the insured's death resulted "from increased hazards related to wartime military service." Under this interpretation, the mere fact that insured was at the place where he met his death because of his military service is palpably insufficient. Causal relationship must be established; coincidence as to time and place will not serve.

The appellant pled the exclusionary clause as a defense to the action, and the burden was upon it to establish that the insured's death was from the excepted risk. 46 C. J. S. Insurance § 1319b (4) (a), p. 441 (1946); 44 Am. Jur. (2d) Insurance, Sec. 1967, p. 908 (1969). It offered no testimony and rests its claim upon the meagre facts which have been stated. In effect, appellant asks us to take judicial notice that insured's war-time military service in Vietnam, during which neither he nor his outfit engaged in combat, involved an increased hazard that he would be killed by a pistol accidentally discharged by a fellow soldier while cleaning it. This we cannot do.

The record does not disclose the reason for the insured's presence, or that of the other soldier, in the supply room. It tends to negate any inference that the pistol was being cleaned because it had been used in combat. For aught that appears, the accident might as well have happened at a training post in the United States in peacetime. Furthermore, countless civilians employ and clean shotguns, rifles and pistols with more or less frequency. It is common knowledge that injuries are sometimes inflicted by the accidental discharge of such weapons thought by the handler thereof to be unloaded. This largely silent record simply does not show that appellant met its burden of proving that insured's death was from an excluded risk, and the court would have been justified in directing a verdict for plaintiff.

The only two cases involving analogous facts which have come to our attention, *Goodrich v. John Hancock Mut. Life*

*Ins. Co. of Boston,* 17 A. D. (2d) 271, 234 N. Y. S. (2d) 587, and *Malone v. State Life Ins. Co., Mo.,* 202 Mo. App. 499, 213 S. W. 877, reached opposite results. The reasons for our conclusion have been sufficiently stated, and it would serve no useful purpose to analyze these cases.

The remaining exceptions charge error in the admission of testimony by plaintiff's witness, a career soldier, concerning the comparative risks of this type injury to one in military service in Vietnam in 1969 and to another in such service in the United States. In view of our conclusion that appellant failed to meet its burden of proof on the dispositive issue, these exceptions need not be considered.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.